UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-CR-14-JRG-CRW |
| | ) |
| CHRISTOPHER L. BELCHER | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Christoper L. Belcher's Motion to Reduce Sentence under Amendment 821 to the United States Sentencing Guidelines. The Federal Defender's Service of Eastern Tennessee filed a supplemental motion on his behalf [Doc. 40]. The United States has filed a Response in Opposition [Doc. 42]. For the reasons herein, the Court will deny Mr. Belcher's motion.

### I. BACKGROUND

In February of 2022, Mr. Belcher was indicted on one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). [Indictment, Doc. 1]. Mr. Belcher pled guilty to this charge. [Minute Entry for Proceedings, Doc. 19]. At sentencing, Mr. Belcher had a total offense level of 29 and a criminal history category of IV, resulting in a sentencing guidelines range of 121-151 months [Presentence Investigation Report, Doc. 23, at 14]. The offense itself carried a statutory minimum of 120 months' imprisonment [*Id.*]. He was sentenced to a total of 120 months' imprisonment, the statutory minimum, and a term of five years of supervised release [Judgment, Doc. 33, at 2-3].

Mr. Belcher now moves the Court to reduce his sentence under Amendment 821. The Federal Defender's Service of Eastern Tennessee has filed a supplemental brief on his behalf and notes that while Amendment 821's application may not reduce Mr. Belcher's guidelines range, he requests that the reduction in his criminal history category be noted for the purposes of Bureau of Prisons security level as well as PATTERN score calculations [Def. Supp. Mot., Doc. 40, at 2]. These classifications may impact Mr. Belcher's eligibility for various sentence credits within the Bureau of Prisons [*Id.*]. The United States responds that Mr. Belcher is not eligible for a sentence reduction under Amendment 821 because his sentence is already the lowest authorized by law, and that this Court has no authority under which to modify his criminal history category [U.S. Resp., Doc. 42, at 2-3].

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[1] *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy

---

[1] This is so because Congress has "charge[d] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III.  ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines' criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for

defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> U.S. Sent'g Guidelines Manual § 4A1.1.

Mr. Belcher seeks relief under Part A of Amendment 821 only. He is correct in arguing that Amendment 821 lowers his guidelines range. At sentencing, he received a total offense level of 29 and a criminal history category of IV [Presentence Investigation Report, Doc. 23, at 14]. His criminal history category was calculated based on his accumulation of five criminal history points and two status points for being subject to a criminal justice sentence at the time of his offense under §4A1.1(d). Under Amendment 821, Mr. Belcher's status points are eliminated as he had six or fewer criminal history points. A total offense level of 29 and five criminal history points now places Mr. Belcher in criminal history category III, and results in a new guidelines range of 108-135 months.

Although Mr. Belcher's sentencing guidelines range has been lowered under Amendment 821, this Court has no authority to further reduce his sentence as he was sentenced to 120 months, the lowest sentence authorized under 21 U.S.C. §§ 841(a)(1), (b)(1)(A). It is acknowledged in Mr. Belcher's supplemental motion that while he may not be eligible for a sentence reduction, he would like the Court to enter an order noting his lowered criminal history category as it may affect his classification with the Bureau of Prisons (BOP) and the application of potential sentence credits through the BOP. The United States argues that the Court has no authority on which to do so, and the Court agrees.

While there are varying opinions on whether a Court may retroactively modify a defendant's criminal history category under Amendment 821 where no sentence reduction is granted, case law within the 6th Circuit declines such authority as it is not prescribed in the Federal Rules of Criminal Procedure or any applicable case law. *See United States v. Nesbitt*, No. CR 5:17-097-DCR, 2024 WL 2303809, at 1-2 (E.D. Ky. May 21, 2024); *United States v. DeJournett*, No. 5:13-CR-513-1, 2024 WL 158102, at 3 (N.D. Ohio Apr. 11, 2024); *United States v. Ladd*, No. 1:21-CR-789, 2024 WL 3647609 (N.D. Ohio Aug. 5, 2024). Without such authority, this Court cannot retroactively modify any portion of the presentence investigation report to reflect Mr. Belcher's lowered criminal history category.

Because Mr. Belcher has already received the lowest sentence authorized by law, this Court is not authorized to reduce his sentence further under Amendment 821. Additionally, Mr. Belcher has not provided any authority under which the Court may grant his request for notation and modification of his new criminal history category for BOP programming purposes.

### IV. CONCLUSION

Mr. Belcher fails to show that he is entitled to a sentence reduction under § 3582(c)(2) or Amendment 821, or that this Court may note and retroactively modify his criminal history category. His motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
